**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOEL McCULLUM, SR. <br> aka IVAN MacMILLIAN[1] | : | |
| | : | |
| Plaintiff | | |
| | : | Civil Action No. WDQ-05-2896 |
| v | | |
| | : | |
| EASTERN CORRECTIONAL <br> INSTITUTION, <br> MS. MARSHALL, <br> V. CUSHWA, <br> LT. LANDON, <br> LT. LAWSON, <br> ROBERT KUPEC, <br> BALTIMORE CITY CORRECTIONAL <br> CENTER, <br> THOMAS M. PASSRRO, <br> DAVID RIENSTIEN, <br> ROSA HAMLET, <br> MS. HALL-BRANCH, <br> MS. HURT, <br> LT. JOHNS, <br> GARY HORNBAKER and <br> OFFICER BELL | : <br><br> : <br><br> : <br><br> : <br><br> : <br><br> : <br><br> : <br><br> : <br><br> : | |
| Defendants | | |

o0o
**MEMORANDUM**

The above-captioned civil rights action, filed on October 20, 2005, alleges denial of access to courts, excessive force and retaliation. Paper No. 1. In addition to the complaint, Plaintiff has filed a motion to proceed in forma pauperis. Paper No. 2. Because the motion is not accompanied by a verified summary of Plaintiff's inmate account, a separate order requiring a verified summary from the Finance Officer at Baltimore City Correctional Center shall be

---

[1] Upon investigation by Court staff it appears that Plaintiff is incarcerated under the name Ivan MacMillian. Accordingly, the docket shall be amended to reflect Plaintiff's name as Ivan MacMillian.

issued.

Plaintiff claims that a prior complaint filed in this Court was dismissed because Defendants improperly returned legal mail and erroneously claimed that no one by Plaintiff's name and identification number was incarcerated in the Division of Correction.  *See McCullum v. Eastern Correctional Institution, et al.*, Civil Action No. WDQ-04-2781 (D. Md. 2004).  Plaintiff admits that he would not have received mail if it was addressed to Ivan McMillian #309398 because his name is spelled MacMillian and he has a different identification number.  Paper No. 1.  He also admits that, while his case was pending he was transferred from Eastern Correctional Institution to Baltimore City Correctional Center.  *Id*.  The complaint filed in Civil Action No. WDQ-04-2781 was filed by Plaintiff using the name Joel McCullum #319499 and there was nothing filed by Plaintiff indicating that his address had changed.  Pursuant to local rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions.  *See* Local Rule 102.1.b.iii. (D. Md.).

Plaintiff's complaint was dismissed without prejudice on September 15, 2004.  *McCullum*, Civil Action No. WDQ-04-2781 at Paper No. 4.  Plaintiff's subsequent correspondence inquiring about the status of the case was construed as a motion to alter or amend.  *Id*. at Paper No. 5.  The motion was denied on October 6, 2004, because the complaint was subject to dismissal without prejudice based on Plaintiff's failure to notify this Court of his current address.  *Id*. at Paper No. 6.  Plaintiff was further advised that, because the case was dismissed without prejudice, he could file a new complaint raising the same claims.  *Id*.  "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to

2

sentences or conditions of confinement before the courts.'"  *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996).  Based on the history of this case, Plaintiff's allegation that he was denied access to courts by Defendants is without merit as he cannot establish an actual injury.  Accordingly, the claim shall be dismissed.

      The claims raised by Plaintiff regarding failure of correctional officials to respond to administrative remedy requests also do not adequately allege an actual injury resulting from the alleged failure.  Plaintiff will be permitted to amend the complaint with allegations regarding any actual injury sustained by him resulting from the failure to respond to his complaints.  In addition, Plaintiff will be required to clarify which Defendants are responsible for the alleged harm.

      The remaining claim, involving an incident on July 25, 2004, of an alleged use of excessive force will be permitted to proceed.  Plaintiff is advised, however, that it cannot be discerned from the complaint as currently written whether any Defendant other than Officer Marshall was involved in the use of force and, barring further explanation from Plaintiff, claims against Defendants who have not directly participated in some alleged harm will be dismissed.

      Plaintiff is forewarned that his failure to supplement the complaint as set forth above will result in dismissal of the complaint without prejudice and without further notice from this Court.  A separate Order follows.

November 30, 2005                                                        /s/
Date                                                                  William D. Quarles, Jr.
                                                                     United States District Judge